RADER, Circuit Judge,
dissenting from denial of the petition for rehearing en banc.
I agree with the reasoning of Chief Judge Michel’s and Judge Newman’s dissents. Like them, I urge this court to accord deference to the factual components of the lower court’s claim construction. Under current law, this court accords no deference whatsoever to a district court’s claim construction. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1451, 1455-56 (Fed.Cir.1998) (“[C]laim construction, as a purely legal issue, is subject to de novo review on appeal.”). The Supreme Court recognized that, far from a “purely legal issue,” claim construction “falls somewhere between a pristine legal standard and a simple historical fact.” Markman v. Westview Instruments, Inc., 517 U.S. 370, 388, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996).
Quoting the Supreme Court, this court agreed with the Supreme Court’s recognition that “the fact/law distinction at times has turned on a determination that, as a matter of sound administration of justice, one judicial actor is better positioned than another to decide the issue in question.” Cybor, 138 F.3d at 1455. In this case, the district court’s analysis of “therapeutically effective amount” deserved greater deference. • As is often the case, the district court was better positioned than this court to reach the proper construction. After all the district court has more tools, more time, and more direct contact with factual evidence than this appellate body. Id. at 1477 (Rader, J., dissenting) (“Trial judges can spend hundreds of hours reading and rereading all kinds of source material, receiving tutorials on technology from leading scientists, formally questioning technical experts and testing their understanding against that of various experts, examining on site the operation of the principles of the claimed invention, and deliberating over the meaning of the claim language. If district judges are not satisfied with the proofs proffered by the parties, they are not bound to a prepared record but may compel additional presentations or even employ their own court-appointed expert.”). Indeed, in this case, the trial court held a nine-day trial, including testimony of artisans informed of the meaning of “therapeutically effective amount” at the time of invention. The trial court, while noting that it did not rely on expert testimony to construe the claim, specifically noted that such testimony offered during the trial fully supported the district court’s claim construction. Given this court’s rule toward limited reliance on extrinsic evidence in claim construction, Forest Labs., Inc. v. Abbott Labs., 239 F.3d 1305, 1311 (Fed.Cir.2001) (citing Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1584 (Fed.Cir.1996)), district court judges have learned to disclaim any reliance on expert testimony. Yet, in this case the trial court took testimony for nine days — hardly necessary if the judge was merely reading and relying upon the intrinsic patent document alone.
The district court’s construction of “therapeutically effective amount” also falls in line with prior opinions of this court and suggests that artisans in this field would accord the term its customary usage. Geneva Pharm. v. GlaxoSmithKline, 349 F.3d 1373, 1383 (Fed.Cir.2003) (finding that “effective amount” is a common and generally acceptable term for pharmaceutical claims and is not ambiguous or indefinite); Abbott Labs. v. Baxter Pharm. Prods., Inc., 334 F.3d 1274, 1278 (Fed.Cir.2003) (Because the patentee did not deviate from the accustomed meaning of the disputed claim term, the term “effective amount” is construed in view of its *1045 ordinary and customary meaning). Thus, I would grant en banc review.